IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERICA WILLIAMS                                                                PLAINTIFF

v.                                   Case No. 4:12-cv-32-KGB

ITT EDUCATIONAL SERVICES,
INC., d/b/a ITT TECHNICAL INSTITUTE,                              DEFENDANTS
TOM OLSEN AND WENDY ANDERSON

ORDER

By Order dated October 9, 2012, the Court granted Mr. Luther Sutter's request to withdraw as counsel for plaintiff Erica Williams (Dkt. No. 13). In that Order, the Court also stayed the enforcement of the discovery deadline for 30 days. That extended discovery deadline of November 17, 2012, has now passed. The Order directed Ms. Williams to file by November 17, 2012, with the Court a status report containing information regarding whether she hired new counsel or wished to continue to proceed *pro se* and to inform the Court regarding the status of the outstanding discovery due defendants. To date, Ms. Williams has not filed a report. The Court also advised Ms. Williams in its Order that failure to respond to any communication from the Court within 30 days could result in the Court dismissing her case without prejudice.

The record indicates that Ms. Williams alleges that she was terminated and subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq*. Ms. Williams also brings claims pursuant to 42 U.S.C. § 1981 and the Arkansas Civil Rights Act. Before dismissing this case without prejudice due to Ms. Williams' failure to file a status report, Ms. Williams should be aware that the practical effect of a dismissal without prejudice in this case may be a dismissal of her claims with prejudice, at least as to her Title VII claims.

Arkansas has a savings statute that entitles a party to refile a cause of action within one year after a dismissal without prejudice. Ark. Code Ann. § 16-56-126. However, that statute does not apply to extend the limitations period for Title VII claims, which are governed by a specific federal statute of limitations. *See Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983). Thus, in Title VII cases, a dismissal without prejudice does not toll the 90-day period to file suit. *Gatlin v. Missouri Pac. R. Co.*, 631 F.2d 551, 554 (8th Cir. 1980) ("[A] dismissal without prejudice leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought and a party cannot deduct from the limitations period the time during which the action so dismissed was pending.").

Ms. Williams is directed to file a response to this Order by January 7, 2013, therein responding to the Court's Order dated October 9, 2012. If Ms. Williams fails to comply with the Court's Orders, her case may be dismissed without prejudice pursuant to Local Rule 5.5(c)(2).

SO ORDERED this the 7th day of December, 2012.

*Kristine G. Baker* (signature)
Kristine G. Baker
United States District Judge